Judge Berman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MWE OFFICE COPY

------------------------------------------------

08 CIV 6918

TRUSTEES of the NEW YORK NURSES
ASSOCIATION PENSION PLAN,

:        Civ. Action No.

Petitioners,        :

-against-

:

CABRINI MEDICAL CENTER,

Respondent.



NOTICE OF REMOVAL

------------------------------------------------

PLEASE TAKE NOTICE that petitioning respondent Cabrini Medical Center

("Cabrini") respectfully submits that:

    1.    On or about July 22, 2008, the Trustees of the New York State Nurses

Association Pension Plan "Trustees" filed an action against Cabrini in the Supreme Court of the

State of New York, County of New York, entitled <u>Trustees of the New York State Nurses</u>

<u>Association Pension Plan v. Cabrini Medical Center,</u> Index No. 60214/08, by filing a Notice of

Petition and a Petition to Confirm Award, a copy of which is annexed hereto as Exhibit A.

Although counsel for the Trustees did not serve counsel for Cabrini, based on information and

belief Cabrini was served on or about July 28, 2008 and accordingly, this Notice of Removal is

filed within 20 days of the date of service.

    2.    The above-described action is a civil action of which this Court has

jurisdiction under the provisions of 28 U.S.C. § 1331, and is one that may be removed to this

Court by Cabrini, Petitioner herein, pursuant to the provisions of 28 U.S.C. § 1441, in that this

action presents a federal question.

3.     This action to confirm a labor arbitration award was brought by the Trustees in the Supreme Court of the State of New York, County of New York, seeking payment of unpaid contribution amounts to the Trustee's health care fund on behalf of Cabrini employees, which payments are allegedly owed pursuant to a collective bargaining agreement and trust agreement incorporated therein between the Trustees and Petitioner.

4.     This action involving a controversy regarding the terms of a collective bargaining agreement and a trust agreement incorporated therein is within this Court's original jurisdiction pursuant to Section 301 of the Labor Management Relations Act.  29 U.S.C. § 185(a).  See Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers, 390 U.S. 557, 560, 88 S. Ct. 1235, 1238, 20 L. Ed. 2d 126, 130 (1968) (claim under collective bargaining agreement is within "original jurisdiction" of federal court as used in removal statute); Kallen v. National Union of Hospital & Health Care Employees, etc., 574 F.2d 723 (2d Cir. 1978) citing General Drivers, Warehousemen & Helpers, Local Union No. 89 v. Riss & Co., 372 U.S. 517, 519, 9 L. Ed. 2d 918, 83 S. Ct. 789 (1963) ("federal courts indisputably have jurisdiction under section 301 to enforce a labor arbitration award").

5.     As this Court has original jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act, removal of the case to this Court is appropriate. See Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210, 105 S. Ct. 1904, 1911, 85 L. Ed. 2d 206, 215 (1985) (actions that require interpretation of a labor contract are within the jurisdiction of § 301 and must be resolved by federal law).

6.     Removal to the Southern District of New York is proper because this district embraces the Supreme Court of the State of New York, County of New York where the action is pending.  28 U.S.C. § 1441(a).

7.     Pursuant to the provisions of 28 U.S.C. ¶ 1446 (b), this Notice of Removal is filed within twenty (20) days after the receipt by the Petitioners of a copy of the petition in said action, which petition was received by Petitioner on or about July 28, 2008.

8.     A true copy of this Notice of Removal is being filed concurrently with the Clerk of the Supreme Court of the State of New York, County of New York.

9.     Written notice of the filing of this Notice of Removal will be served on all adverse parties.

WHEREFORE, Petitioner respectfully requests that the above action now pending against them in the Supreme Court of the State of New York, County of New York, be removed therefrom to this District Court.

Dated: New York, New York
       August 1, 2008

Respectfully Submitted,

MCDERMOTT WILL & EMERY LLP

By: _____
     Joel E. Cohen (JEC 5312)
     Nadine M. Gomes Williams (NW3319)

340 Madison Avenue
New York, New York 10173
(212) 547-5400

Attorneys for Respondent/ Petitioner
Cabrini Medical Center

TO:    Albert Katler, P.C.
       255 Broadway
       New York, New York 10007

NYK 1171868-1.060763.0013

-3-

# EXHIBIT  A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of the Arbitration between

TRUSTEES OF THE NEW YORK STATE NURSES
ASSOCIATION PENSION PLAN,

                                     Petitioners,

            - and -

CABRINI MEDICAL CENTER,

                                  Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF PETITION
TO CONFIRM AWARD**

Index # 602140/08

SIRS:

NEW YORK
COUNTY CLERK'S OFFICE

JUL 22 2008

NOT COMPARED
WITH COPY FILE

PLEASE TAKE NOTICE, that upon the petition of TRUSTEES OF THE

NEW YORK STATE NURSES ASSOCIATION PENSION PLAN, verified the 17th day of

July, 2008, and the award of the Arbitrator in the arbitration proceeding between

the petitioner, TRUSTEES OF THE NEW YORK STATE NURSES ASSOCIATION PENSION

PLAN, and the respondent, CABRINI MEDICAL CENTER, signed and acknowledged

the 17th day of June, 2008, the undersigned will apply to this Court, in Room 130,

at the Courthouse, 60 Centre Street, New York, New York, on the 7th day of

August, 2008, at 9:30 o'clock in the forenoon of that day, or as soon thereafter as

–1–

counsel can be heard, for judgment pursuant to CPLR 7510, confirming the award

of the Arbitrator and directing that judgment be entered thereon, and for such other

and further relief as the Court may deem just and proper, together with the costs

and disbursements of this proceeding.

Dated:  New York, New York.
        July 17, 2008.

                                        Yours, etc.,


                                        _Albert Kalter_
                                        _____
                                        Albert Kalter

                                        ALBERT KALTER, P.C.
                                        Attorney for Petitioners
                                        225 Broadway - Suite 1806
                                        New York, New York 10007
                                        (212) 964-5485

TO:
        CABRINI MEDICAL CENTER
        227 East 19th Street
        New York, New York 10003

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      In the Matter of the Arbitration between

TRUSTEES OF THE NEW YORK STATE NURSES
ASSOCIATION PENSION PLAN,

                              Petitioners,

           - and -

CABRINI MEDICAL CENTER,

                            Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PETITION FOR
CONFIRMATION
OF AWARD

Index No. 602/40608

The petition of the TRUSTEES OF THE NEW YORK STATE NURSES ASSOCIATION PENSION PLAN respectfully shows and alleges:

(1)      That at all times hereinafter mentioned, the NEW YORK STATE NURSES ASSOCIATION PENSION PLAN was and still is an employee pension trust administered under the laws of the State of New York with one or more Trustees who reside in the County of New York.

(2)      Upon information and belief, at all times hereinafter mentioned, the respondent was and still is a corporation organized and existing under

-1-

the laws of the State of New York, with its office and principal place of business located at 227 East 19th Street, New York, New York 10003-2693.

(3)      Petitioners and respondent are subject to an Agreement and Declaration of Trust which authorizes the Trustees to enforce payment of contributions due in accordance with the voluntary labor arbitration rules of the American Arbitration Association in the City of New York.

(4)      On March 10, 2008, petitioners served on respondent a demand for arbitration with respect to the failure of respondent to contribute amounts due to petitioners. Said demand was served on respondent in accordance with the aforesaid Agreement and Declaration of Trust and filed with the American Arbitration Association in the City of New York in accordance with its rules.

(5)      Subsequent to the receipt of the aforesaid demand for arbitration, BONNIE SIBER WEINSTOCK, ESQ. was duly appointed Arbitrator pursuant to the voluntary labor arbitration rules of the American Arbitration Association, and said Arbitrator thereafter subscribed and swore to the oath of office. A hearing was held on May 19, 2008, and an award was issued, signed and acknowledged on June 17, 2008. Said award was delivered to each party by the American Arbitration Association in accordance with its rules.

-2-

(6)    The said award provides that respondent shall pay to the NEW YORK STATE NURSES ASSOCIATION PENSION PLAN (a) the sum of $104,008.46, representing the contribution for January 2008, due on February 29, 2008, plus interest at the rate of 1½% per month from February 29, 2008 to the date payment is received; (b) the sum of $100,770.29, representing the contribution for February 2008, due on March 31, 2008, plus interest at the rate of 1½% per month from March 31, 2008 to the date payment is received; (c) the sum of $87,033.20, representing the contribution for March 2008, due on April 30, 2008, plus interest at the rate of 1½% per month from April 30, 2008 to the date payment is received; (d) the sum of $200.00, representing reimbursement of the NYSNA portion of the initial filing fee paid by the Pension Plan to the American Arbitration Association; (e) the sum of $200.00, representing reimbursement of the Cabrini Medical Center portion of the initial filing fee paid by the Pension Plan to the American Arbitration Association; (f) the sum of $125.00, representing the Cabrini Medical Center portion of the hearing room fee which was paid by the Pension Plan to the American Arbitration Association; and (g) the sum of $3000.00 representing reimbursement of the arbitrator's fee, which the award empowers petitioners to collect on behalf of the arbitrator.

(6)    The said Award has not been vacated or modified by any order

-3-

of any Court of competent jurisdiction and is still in full force and effect.

WHEREFORE, petitioners respectfully request that judgment be entered confirming the said award and directing that judgment be entered thereon, and that petitioners be allowed the costs and disbursements of this proceeding, and such other and further relief that the Court may deem just and proper.

Dated: July 17, 2008.

ALBERT KALTER, P. C.

BY: _____

ALBERT KALTER
Attorney for Petitioners
225 Broadway- Suite 1806
New York, New York 10007
(212) 964-5485


STATE OF NEW YORK          )
                           ) ss:
COUNTY OF NEW YORK         )

On the 17th day of July, in the year 2008, before me, the undersigned, personally appeared ALBERT KALTER, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

**DAHLIA KALTER**
**NOTARY PUBLIC-STATE OF NEW YORK**
**No. 02KA5076637**
**Qualified in Westchester County**
**My Commission Expires April 21, 2011**

-4-

AMERICAN ARBITRATION ASSOCIATION, Administrator

LABOR ARBITRATION TRIBUNAL

In the Matter of the Arbitration

    between

TRUSTEES OF NEW YORK STATE NURSES          OPINION and AWARD
   ASSOCIATION PENSION PLAN               Case #13 300 00667 08

    and

CABRINI MEDICAL CENTER

BEFORE:  Bonnie Siber Weinstock, Arbitrator

APPEARANCES:
    For the Plan:       Albert Kalter, Esq. - Counsel
                    Eileen Schwartzbach - Representative


    For the Employer:   McDermott, Will & Emery, LLP, by Joel
                    Cohen, Esq. - Counsel
                    Lenworth Stephenson - Director, Human
                    Resources


On May 19, 2008, Counsel for the Trustees of the New York State Nurses Association Pension Plan ("Plan") and Counsel for the Cabrini Medical Center ("Hospital" or "Employer") and their respective clients appeared before the undersigned Arbitrator for a hearing on the Plan's claim that the Hospital owed contributions to the Pension Plan. Neither side whose to call any witnesses; instead, Counsel argued their positions and submitted this matter for resolution by the Arbitrator. The record was declared closed on June 4, 2008 upon the Arbitrator's receipt of a copy of the collective bargaining agreement ("Agreement") between the Hospital and the New York State Nurses Association ("Association"), and a document entitled "Policy for

Continuation of Coverage Upon Expiration of a Collective Bargaining Agreement" which was referenced in other exhibits.

## POSITIONS OF THE PARTIES

The Plan argues that the Hospital was obligated under the Agreement to make contributions to the Pension Plan.  The Plan maintains that pursuant to the Trust Documents, the obligation to make contributions continued after the expiration of the Agreement.  The Plan maintains that the Hospital owes contributions for the months of January through March 2008, plus interest, and asks that the Hospital be ordered to make timely payment.  The Plan further argues that pursuant to the Trust Documents, the Hospital should be assessed the fees of arbitration.

The Hospital does not dispute the obligation to make pension contributions to the Plan during the term of the collective bargaining agreement.  However, the Hospital maintains that, as a mater of law, its obligation to make payments ceases with the expiration of the Agreement.  It cites <u>Laborers Health and Welfare Trust Fund for Northern California et al. v. Advanced Lightweight Concrete Co., Inc.</u>, 484 U.S. 539, 108 S.Ct. 830 (1988) (hereinafter referred to as "<u>Lightweight</u>"), for this proposition.

The Hospital further argues that if there is any question regarding enforcement of the Trust Agreements or the obligations thereunder after the expiration of the Agreement,

such questions are the province of the National Labor Relations Board ("NLRB"). The Hospital notes that the Association has filed an NLRB charge. (No information regarding this charge has been placed in the record.) The Hospital urges that any claims for contribution after January 31, 2008 should be dismissed.

## DISCUSSION

As a threshold matter, the Demand for Arbitration (Plan Ex. 1) which is the subject of this hearing was filed by the "Trustees of the New York State Nurses Association Pension Plan" and states, in pertinent part:

> The undersigned, a party to an arbitration agreement contained in a written Agreement and Declaration of Trust, providing for arbitration, hereby demands arbitration thereunder.

Therefore, the instant matter was filed pursuant to the Plan's Agreement and Declaration of Trust, and not under the collective bargaining agreement. The Plan offered into the record an "Acknowledgement" dated February 11, 2002 (Plan Ex. 2), signed by Veronica Kelleher, Vice-President Human Resources for Cabrini Medical Center, which stated:

> ### Acknowledgement
> ### NYSNA Pension Plan
>
> The undersigned employer, having entered into a collective bargaining agreement with the New York State Nurses Association, which agreement provides, among other things, for contributions to the New York State Nurses Association Pension Plan, agrees to be bound by the terms and provisions of the Agreement and Declaration of Trust establishing the New York State Nurses Association Pension Plan, as amended from time to time. (emphasis added)

This acknowledgment shall not be construed to increase the monetary obligation of the undersigned employer from that set forth in its collective bargaining agreement with the New York State Nurses Association.

Clearly, from the above-quoted Acknowledgement, the Hospital has agreed to be bound by the Plan's Agreement and Declaration of Trust as amended from time to time. One such amendment, entitled "First Amendment to the Restated New York State Nurses Association Pension Plan Agreement and Declaration of Trust" (Plan Ex. 3 [referred to herein as "Amended Trust"]) states, in pertinent part:

NOW, THEREFORE, Section 2 of Article IV of said Agreement and Declaration of Trust is amended to read as follows:

Section 2 - (a)  An Employer in default in payment of contributions shall be required to pay such rate of interest as the Trustees may fix, in the Policy for Continuation of Benefits on Expiration of a Collective Bargaining Agreement, on the money due to the Trustees, from the date when payment was due to the date when payment is made.

(b)  The Fund may compel and enforce payment of contributions in any manner which it may deem proper including, but not limited to, proceedings at law and in equity and submission to arbitration by the American Arbitration Association in the City of New York, but without limitation upon the Association's rights and privileges in this connection.

(c)  If arbitration is selected by the Trustees, the arbitrator shall be selected by the Trustees and the employer from a list submitted to them by the American Arbitration Association under the Voluntary Labor Arbitration rules and the arbitrator's decision shall be final and binding on the parties.  The fees and expenses of any arbitration shall be paid as follows:...(iii) if the arbitrator determines that the employer is delinquent and has not interposed a meritorious defense to the proceedings, then the arbitration fees and expenses shall be paid entirely by

the employer.  For purposes of this subsection, a "delinquent" employer shall be defined as an employer which the arbitrator in an arbitration award has determined <u>owes all or any portion of the contributions claimed by the Fund.</u>

                 ***
        (e)  The provisions of a collective bargaining agreement shall not, directly or indirectly, limit the absolute right of the Trustees to take any necessary action at law or in equity to enforce payment of contributions due or, if they so decide in their sole discretion, to submit the matter to arbitration by the American Arbitration Association in the City of New York.

Thus, pursuant to Section 2(b) quoted above, this arbitration proceeding is the forum selected by the Plan for the enforcement of the obligation to make payments to the Plan.  Section 2(c) makes the Arbitrator's decision final and binding upon the parties.

        The Acknowledgement, quoted above, makes clear that while the collective bargaining agreement provides for the Employer's contributions to the Plan, the Employer is acknowledging its obligation to be bound by the Agreement and Declaration of Trust for the Pension Plan.  Section 9.03(6) of the collective bargaining agreement requires the Employer to execute an Acknowledgement of Trust, which it has done. Therefore, the Employer's obligation to participate in the Pension Plan arises both under the collective bargaining agreement and under the Declaration of Trust.

        Clearly, the Hospital has an obligation under the Agreement to make timely contributions to the Plan for covered employees, and the Employer does not contend otherwise.  The

Agreement offered into the record states that it expired on January 1, 2008. The Employer stated that the contract expired on January 31, 2008. (Perhaps the parties have a side letter or agreement to that effect, though the Arbitrator was not provided with any such document.) At the hearing, the Hospital's counsel indicated that the Hospital acknowledged liability for the pension obligation for the month of January, 2008. The Arbitrator finds that the Employer had an obligation under the Trust Agreement to make contributions for the period that employees were employed at the Hospital, i.e., until its closure on March 17, 2008.

The essential question in this proceeding is whether the Hospital has an obligation to continue making pension contributions from the expiration of the Agreement (on January 1, 2008) until it closed its doors on March 17, 2008. The Hospital strenuously argues that the Lightweight case is dispositive of this question. In Lightweight, the employer/Respondent was a party to two multi-employer collective bargaining agreements that required contributions to eight employee benefit plans. The employer in that case ceased making pension contributions when the collective bargaining agreement expired, and the trustees in that case argued that the employer violated Section 8(a)(5) of the National Labor Relations Act ("NLRA") by making a unilateral change in terms and conditions of employment by discontinuing pension plan contributions. Thus, the Lightweight case presented the interplay between the NLRA and the Employee Retirement Income

Security Act ("ERISA") under which the litigation was commenced.

The U.S. Supreme Court held in <u>Lightweight</u> that the trustees' claim under ERISA to collect delinquent pension contributions does not confer jurisdiction on the federal courts to determine whether the NLRA was breached by the same refusal to make contributions.  Simply stated, jurisdiction to determine whether an unfair labor practice has been committed rests with the NLRB.  In reaching this conclusion, the Court noted that Section 515 of ERISA obligates an employer to make pension contributions to a multi-employer plan if the contributions are required "under the terms of the plan <u>or</u> under the terms of the collectively bargained agreement."  (emphasis added).  In <u>Lightweight</u>, the trustees sought jurisdiction under ERISA but claimed that the employer's failure to continue to make contributions after the expiration of a collective bargaining agreement violated the NLRA.

In the instant case, the Trustees are claiming that the Employer has the obligation to make payments pursuant to the Trust Agreement; the Trustees are not arguing at arbitration that the NLRA obligates the Hospital to continue the terms of the collective bargaining agreement after its expiration and during negotiations, as was the case in <u>Lightweight</u>.  Further, the Hospital executed an "Acknowledgement" which bound it to the terms of the Agreement and Declaration of Trust.  (Plan Ex. 2).  Therefore, the instant arbitration proceeding does not seek to adjudicate the Hospital's compliance with the collective

bargaining agreement, nor does it raise the question of any claimed unfair labor practice.  For this reason, the Lightweight case is distinguishable.  The Employer argued that the Association had filed an unfair labor practice charge, but no copy of the charge was offered by the Employer nor is there any indication of any deferral to arbitration from the NLRB.  In short, other than the Employer's passing reference to an NLRB charge, no information whatsoever was provided on this record regarding the charge.  Therefore, the Arbitrator is bound to evaluate and decide this case in light of the Demand for Arbitration, which clearly states that the instant claim arises under the Declaration of Trust.  For all of these reasons, the Arbitrator finds that the Lightweight case is not dispositive of this matter.

The Plan offered into the record the following data as its claim in this proceeding.  The Hospital does not dispute the accuracy of these numbers.  Rather, it denies an obligation to make pension contributions after the expiration of the collective bargaining agreement.  The Arbitrator finds that the Hospital owes the Plan the following sums for delinquent contributions since January 2008 (P-4D):

| Contribution Month: | Date Due: | Actual Amount: |
|---|---|---|
| January 2008 | 2/29/08 | $104,008.46 |
| February 2008 | 3/31/08 | $100,770.29 |
| March 2008 | 4/30/08 | $87,033.20 |

9

The Plan also seeks the expenses of arbitration as follows (P-4D):

NYSNA portion of filing fee: $200.00
CABRINI portion of filing fee: $200.00
Hearing room fee - Cabrini portion: $125
Arbitrator Fee:  To be determined

With respect to the Plan's claim for the expenses of arbitration, the Amendment to the Trust requires the Arbitrator to assess against the Employer the fees and expenses of arbitration if the Arbitrator determines that the Employer has not interposed a meritorious defense.  The Arbitrator finds that the Hospital's defense in this proceeding is not meritorious.  Accordingly, the fees of arbitration are to be paid by the Hospital.  As listed above in the Plan's demand for reimbursement, the Arbitrator cannot determine whether the Cabrini portion of the filing fee was listed because the Plan paid that sum as a means of ensuring that this matter was processed.  Likewise, the Plan's document does not indicate whether it paid a hearing room fee assessed to the Plan in addition to the fee to Cabrini.  Since the Hospital did not take issue with any of the amounts listed on Plan Exhibit 4D, the Arbitrator will direct that the sums listed above be paid to the Plan, together with the Arbitrator's fees as noted in the Award herein.

The "Policy for Continuation of Coverage Upon Expiration of a Collective Bargaining Agreement," as well as Section 9.03(3) of the collective bargaining agreement, refers to a rate of 1.5% per month assessed against delinquent contribut-

ions. The Arbitrator will direct that interest at the rate of 1.5% per month be paid to the Plan on all monies due from the date that each indebtedness arose until the sums are paid.

Upon thorough consideration of the evidence and argument presented, the Arbitrator finds that the Hospital had an obligation under the Trust Agreement to make contributions to the Pension Plan while employees continued to work at the Hospital. The Employer failed to do so and therefore violated the Trust Agreement. The Employer shall pay the Plan the following sums: $104,008.46 for pension payments from January 2008 (due on February 29, 2008); $100,770.29 for pension payments from February 2008 (due on March 31, 2008); and $87,033.20 for pension payments from March 2008 (due on April 30, 2008). Interest at the rate of 1.5% per month from the date due shall be assessed on these overdue contributions.

In addition, the Hospital is responsible for paying the fees of arbitration, including the costs of the American Arbitration, totalling $400.00 in filing fees and $125 in hearing room fees. In addition, the Hospital shall be responsible for the Arbitrator's fees, totalling $3000.00 ($1500 for one day of hearing and $1500 for one day of study).

11

## AWARD

The claim is sustained.  The Hospital shall pay the New York State Nurses Association Pension Plan the following sums: $104,008.46 for pension payments from January 2008 (due on February 29, 2008); $100,770.29 for pension payments from February 2008 (due on March 31, 2008); and $87,033.20 for pension payments from March 2008 (due on April 30, 2008).  Interest at the rate of 1.5% per month from the date due shall be assessed on these overdue contributions.  In addition, the Hospital shall pay the Plan $525.00 in fees of arbitration and shall be responsible for the Arbitrator's Bill for Services in the amount of $3000.00.

June 17, 2008

Bonnie Siber Weinstock
Arbitrator

State of New York ) ss.:
County of Suffolk )

On this 17th day of June, 2008, before me personally came and appeared BONNIE SIBER WEINSTOCK, to me known and known to me to be the individual described in and who executed the foregoing instrument and she acknowledged to me that she executed the same.

notary public

GARY ALAN WEINSTOCK
NOTARY PUBLIC, STATE OF NEW YORK
No. 01WE6098509
QUALIFIED IN SUFFOLK COUNTY
MY COMMISSION EXPIRES 9/5/11